McKinney, J.,
delivered the opinion of the Court.
This suit was commenced before a justice, on the 24th of July, 1857. The foundation of the suit is a note under seal, executed by Duncan Thompson to Sallie Thompson, on the 22d of March, 1824, for one hundred and ten dollars, on which a credit is endorsed for $60.50, under date of November 30th, 1826.
The case was taken, by appeal, to the Circuit Court, and on the trial the plaintiff recovered judgment for $49.50, the balance due upon said note, with the further sum of $93.30, the accruing interest.
The defence relied on was the presumption of payment. And it is difficult to see why it did not prevail, if the facts be correctly stated in the record before us. The jury were probably misled by some things needlessly thrown into the charge of the Court, tending to weaken the presumption, and to place the onus upon the defendant.
The evidence is very brief. The note was made in North Carolina, where both the parties (who are brother and sister) then resided. Duncan Thompson removed to the Western District of Tennessee in the fall of 1826, about the time, perhaps, of the date of the payment credited on the note. His means were very limited at the time of his removal. But the proof fully establishes that he has been solvent, and possessed of considerable property, ever since his removal to this State, and that *407 he has always been “ remarkably punctual ” in the payment of his debts. The plaintiff remained in North Carolina, and still resides there. It is not pretended that she was not fully aware of the place of residence of the defendant from the time of his removal. It does not appear that from the defendant’s removal, up to the institution of this suit — a period of more than thirty years — said note was ever spoken of, or payment thereof demanded.
The rule so often recognized by this Court, that if a bond, or note under seal, be suffered to lie dormant for the space of sixteen years, ' without demand being made, or payment of interést, or other explanatory circumstances to show that it is still in force, payment will be presumed, upon the mere fact of lapse of time, .is not now to be questioned. The fact of payment may be inferred by the jury, from the circumstances of the particular case, in a shorter period; but the presumption of law does not attach until the full expiration of sixteen years.
This presumption of payment, like other legal or artificial presumptions, derives from the law a certain technical force and- effect, which courts and juries cannot disregard. Instead of being of “but little force,” as the’ Court said to the jury, the presumption, until rebutted, or displaced by evidence, has all the force and effect of plenary proof of the fact of payment; and the jury are bound so to regard it.
We are not called on in the. present case to say what circumstances would be sufficient to repel the presumption. It is enough, for the decision of the case, to *408 express our opinion, that the circumstances relied on are not sufficient.
The only facts entitled to any consideration, are, the near relationship of the parties, and the removal of the defendant, and his permanent residence in a different State from the plaintiff.
These circumstances, after the lapse of nearly double the time required to raise the presumption, weigh hut little.
It is scarcely necessary to remark, that the evidence relied on to displace the legal .presumption, ought to be more satisfactory -in proportion to the length of time that may have been suffered to elapse before suit.
The judgment will be reversed.